UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **NEW YORK LIFE INSURANCE COMPANY,** | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **DUDLEY JOSEPH BERNARD, C.B., a minor, and L.B., a minor,** | § § § § § | |
| *Defendants.* | § § | |

## COMPLAINT IN INTERPLEADER

Plaintiff, New York Life Insurance Company ("NYLIC"), by and through its undersigned attorneys, for its Complaint in Interpleader, alleges as follows:

### PARTIES

1. NYLIC is a mutual insurance company organized and existing under the laws of the State of New York with its principal place of business at 51 Madison Avenue, New York, New York. NYLIC is duly authorized to do business in the State of Texas.

2. Upon information and belief, Defendant Dudley Joseph Bernard ("Dudley") is a resident of League City, Texas.

3. Upon information and belief, Defendant C.B., a minor, is a resident of New Orleans, Louisiana, and may be served through his aunt and legal guardian, Trinell Merricks ("Trinell").

4. Upon information and belief, Defendant L.B., a minor, is a resident of New Orleans, Louisiana, and may be served through his aunt and legal guardian, Trinell.

4824-9740-9719.1

## JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. § 1335 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of Texas and Louisiana.

6.  This Court also has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. NYLIC is a New York citizen for diversity purposes, and upon information and belief, the defendants are citizens of Texas and Louisiana.

7.  Venue is proper in this federal district pursuant to 29 U.S.C § 1332(e)(2) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## STATEMENT OF FACTS

8.  As an employee of U.S. Customs and Border Protection, Chauntelle Bernard (the "Insured") was eligible to apply for life insurance under Group Life insurance policy No. G-30280-0 (the "Group Policy") issued by NYLIC to Worldwide Assurance for Employees of Public Agencies, Inc. ("WAEPA"). *A copy of the Group Policy is attached hereto as **Exhibit A**.*

9.  By WAEPA Application Form dated September 7, 2010, the Insured applied for life insurance coverage under the Group Policy, which included Accidental Death and Dismemberment ("AD&D") benefits, designating her husband, Dudley, as the sole primary beneficiary and her sister, Trinell, as the sole contingent beneficiary to the coverage. *A copy of the Application Form dated September 7, 2010 is attached hereto as **Exhibit B**.*

10. NYLIC thereafter issued to the Insured "Group Annual Renewable Term Life & Dependent Life with an Accelerated Death Benefit and Accidental Death and Dismemberment (AD&D) Insurance to Age 85 Certificate" (the "Certificate"). *A copy of the Certificate is attached hereto as* **Exhibit C**.

11. The Insured increased her coverage several times after the Certificate was issued. By Request for Group Insurance form dated March 26, 2018, the Insured applied to increase the amount of coverage under the Group Policy; her request was approved, and no further requests were made. *A copy of the Request for Group Insurance form dated March 26, 2018 is attached hereto as* **Exhibit D**.

12. At the time of March 26, 2018 application for additional coverage, the Insured designated her husband, Dudley, as the sole primary beneficiary to the coverage and did not designate a contingent beneficiary. *See Exhibit D*.

13. Upon information and belief, the Insured died on November 28, 2019 as result of gunshot wounds. The manner of death was homicide. *A copy of the Certificate of Death is attached hereto as* **Exhibit E**.

14. As a result of the death of the Insured, life insurance death benefits in the amount of $800,000.00 and AD&D death benefits in the amount of $150,000.00 (together, the "Death Benefit"), for a total of $950,000.00, became due to a beneficiary or beneficiaries, and liability is conceded to that effect.

15. Upon information and belief, Dudley was arrested on November 28, 2019 by League City police officials in connection with the death of the Insured, and shortly thereafter was charged with murder, a felony of the first degree, pursuant to Texas Penal Code § 19.02(c).

16. Pursuant to Tex. Ins. Code 1103.151, "[a] beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured."

17. Pursuant to Tex. Ins. Code 1103.152:

(a) Except as provided by Subsection (b), if a beneficiary of a life insurance policy or contract forfeits an interest in the policy or contract under Section 1103.151, a contingent beneficiary named by the insured in the policy or contract is entitled to receive the proceeds of the policy or contract.

(b) A contingent beneficiary is not entitled to receive the proceeds of a life insurance policy or contract if the contingent beneficiary forfeits an interest in the policy or contract under Section 1103.151.

(c) If there is not a contingent beneficiary entitled to receive the proceeds of a life insurance policy or contract under Subsection (a), the nearest relative of the insured is entitled to receive those proceeds.

18. Pursuant to the terms of the Certificate, "[n]o payment will be made to any person(s) if such person(s) is the principal or an accomplice in willfully bringing about the death of the COVERED PERSON. Payment will be made in accordance with this section as though that person(s) had died before the COVERED PERSON." (Certificate, pp. 7, 10.)

19. If Dudley is found to be a principal or accomplice in willfully bringing about the death of the Insured, then he would forfeit his right to the Death Benefit under the terms of the Certificate and Texas law.

20. The Insured did not name a contingent beneficiary to the coverage under the Certificate. Texas law provides that if there is no contingent beneficiary, the Death Benefit is payable to the nearest relative of the Insured.

21. The beneficiary rules of the Certificate provide that "if at the time of the COVERED PERSON'S death there is no surviving beneficiary for any designated share of the Death Benefit, such share will be paid to the OWNER, if living, otherwise to the lawful married

4

spouse; children equally; parents equally; or brothers and sisters equally; or to the OWNER'S estate." (Certificate, pp. 7, 9.)

22. Upon information and belief, the Insured's nearest surviving relatives are her two sole children, C.B. and L.B.

23. If Dudley is found to be a principal or an accomplice in willfully bringing about the death of the Insured, the Death Benefit to which he is named a beneficiary would be payable to the Insured's children, C.B. and L.B.

24. No claim has been made to the Death Benefit, nor has any portion of it been paid by NYLIC.

## CAUSE OF ACTION IN INTERPLEADER

25. There have been no other claims for the Death Benefit. Under the circumstances, NYLIC cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading defendants, NYLIC is or may be exposed to multiple liability.

26. NYLIC is ready, willing and able to pay the Death Benefit, plus applicable claim interest, if any, payable in accordance with the terms of the Group Policy, Certificate of coverage, and relevant state law and to whomever this Court shall designate.

27. As a mere stakeholder, NYLIC has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom said benefits should be paid.

28. NYLIC accordingly will deposit with the Court the Death Benefit, plus applicable claim interest, if any, for disbursement in accordance with the judgment of this Court. NYLIC has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no

fraud or collusion between NYLIC and any of the Defendants.  NYLIC brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

    **WHEREFORE**, NYLIC prays that the Court enter judgment:

(a)     appointing a Guardian ad litem for minors C.B. and L.B. in order to represent their interests in connection with this Interpleader action, if deemed necessary;

(b)     requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(c)     enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Group Policy, the Certificate and/or the Death Benefit;

(e)     requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(f)     permitting NYLIC to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(g)     discharging NYLIC from any and all further liability to Defendants relating in any way to the Group Policy, the Certificate and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(h)     awarding NYLIC its attorneys' fees and costs in their entirety; and

(i)     awarding NYLIC any other and further relief that this Court deems just and proper.

Dated: March 12, 2020

                                                Respectfully submitted,

                                                By: _/s/Gayla C. Crain_
                                                         Gayla C. Crain
                                                         Of Counsel
                                                         gcrain@grayreed.com
                                                         Texas Bar No. 04991700
                                                         Federal ID No. 15756

                                              GRAY REED & MCGRAW LLP
                                              1601 Elm Street, Suite 4600
                                              Dallas, Texas 75201
                                              Telephone:  (214) 954-4135
                                              Facsimile:  (214) 953-1332

                                              ***Counsel for Plaintiff New York Life Insurance Company***

4824-9740-9719.1